# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AYOKA B. MEDLOCK-NURSE,<br>Appellant, | DOCKET NUMBER<br>SF-3443-14-0679-I-1 |
| v. | |
| JUDICIAL BRANCH,<br>Agency. | DATE: May 20, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ayoka B. Medlock-Nurse, Richmond, California, pro se.

Charlene Hardy, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed in the excepted service as a Case Analyst for a United States Bankruptcy Court until she was terminated, effective May 7, 2010, after she was unable, due to her medical restrictions, to return to her position for more than a year. Initial Appeal File (IAF), Tab 1 at 9, Tab 5 at 16. In 2014, the appellant filed an appeal with the Board asserting that the agency improperly failed to restore or reinstate her to duty following her recovery from a job-related injury.[2] IAF, Tab 1. She did not request a hearing. *Id*. at 3.

¶3 The agency filed a motion to dismiss asserting, among other things, that the appellant's restoration appeal was barred by res judicata to the extent that it was previously adjudicated under MSPB Docket No. SF-0752-13-0432-I-1.[3] IAF, Tab

---

[2] The appellant also alleged that the agency incorrectly coded her Standard Form 50 notice of termination, but the administrative judge found that she did not provide a basis for Board jurisdiction over such a claim. IAF, Tab 3 at 2, Tab 14, Initial Decision (ID) at 4. On review the appellant does not challenge this finding and we see no reason to disturb it.

[3] Because we find that the Board lacks jurisdiction over the appellant's appeal, it is unnecessary to address whether res judicata would bar her current appeal. *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003) (the doctrine of res judicata is not

5 at 3, 5. Because it also appeared that the Board may not have jurisdiction over the appeal, the administrative judge issued an order setting forth the requirements to establish jurisdiction over a restoration appeal under 5 C.F.R. § 353.304. IAF, Tab 10. The administrative judge also informed the appellant that there was a question as to whether 5 C.F.R. § 353.304 applies to employees or former employees of the judicial branch, and he afforded her an opportunity to submit evidence and argument on the jurisdictional issues. IAF, Tab 10. The appellant submitted a response. IAF, Tab 13.

¶4    Based on the record, the administrative judge dismissed the appeal for lack of jurisdiction. ID. The administrative judge found that the appellant failed to establish jurisdiction under 5 C.F.R. § 353.304(a) and (c), which he found applied only to employees of the executive branch, not the judicial branch based on the plain language of the regulation and its regulatory history. ID at 3-4. The administrative judge further found that, because the appellant continued to receive workers' compensation, she was not "fully recovered" and thus failed to establish jurisdiction under 5 C.F.R. § 353.304(b), which covers appeals by fully recovered individuals. ID at 3.

¶5    The appellant has filed a petition for review in which she asserts generally that the administrative judge erred in finding that she failed to establish jurisdiction and that the administrative judge failed to provide her with proper notice regarding her jurisdictional burden.[4] Petition for Review (PFR) File, Tab 4 at 6. The agency has not submitted a response to the appellant's petition.

_____

grounds upon which to dismiss an appeal for lack of jurisdiction but, rather, is a basis to dismiss an appeal over which the Board *has* jurisdiction).

[4] The appellant's petition for review was untimely filed on January 11, 2015, over 2 months after the October 27, 2014 filing deadline. ID at 5; Petition for Review (PFR) File, Tabs 4-5. She has filed a motion to waive the time limit in the form of an affidavit in which she asserts that good cause exists for her untimely filing because she was hospitalized from September 26, 2014, to October 6, 2014, and subsequently was on pain medications until December 18, 2014. PFR File, Tab 6. The record shows that she filed a request for an extension of time on December 23, 2014, and when that request

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue before the Board. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643–44 (Fed. Cir. 1985); *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 29 (2010). Here, the administrative judge's order and summary of status conference informed the appellant that there was a question as to whether 5 C.F.R. § 353.304 provides Board appeal rights to judicial branch employees and that, if it did, she would need to establish certain jurisdictional elements regarding restoration rights by a preponderance of the evidence. IAF, Tab 10. The administrative judge then afforded the parties an opportunity to submit additional evidence on jurisdiction. *Id*. The appellant complied with the order and submitted a response arguing that 5 C.F.R. § 353.304(c) extends appeal rights to federal employees outside of the executive branch, including her. IAF, Tab 13 at 5. Thus, the appellant's argument that she was not provided proper jurisdictional notice is without merit.[5]

¶7    Regarding the appellant's argument that the administrative judge erred by finding a lack of Board jurisdiction, the administrative judge correctly found that claims of improper restoration or failure to restore following a compensable injury are appealable to the Board under 5 C.F.R. § 353.304 only if the appellant is an employee or former employee of an agency in the executive branch, including the U.S. Postal Service and the Postal Rate Commission. ID at 3-4; *see*

---

was denied because it was submitted after the filing date, she filed her petition for review on January 11, 2015. *Id.*, Tabs 1-2, 4. In light of our disposition of this appeal, we do not reach the issue of the timeliness of the appellant's petition for review.

[5] Even if the administrative judge's order failed to put the appellant on sufficient notice regarding the jurisdictional issues, the initial decision clearly identified those issues and the Board has held that any short-comings in the jurisdictional notice below can be cured if the initial decision puts the appellant on notice of what she must do to establish jurisdiction so as to afford her the opportunity to meet her jurisdictional burden on petition for review. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007).

5 C.F.R. § 353.304. Persons employed or formerly employed by the judicial branch, such as the appellant, are not covered. *See* 5 C.F.R. § 353.401 (a)(3) (1987); 60 Fed. Reg. 45, 650, 657 (Sept. 1, 1995) (renumbering section 353.401 to 353.304 without substantive change); 53 Fed. Reg. 857 (Jan. 14, 1988) (modifying section 353.401 to "clarify that employees of the legislative and judicial branches do not have appeal rights to the MSPB"). The administrative judge also correctly found that the appellant was not a fully recovered individual and therefore the Board lacks jurisdiction under 5 C.F.R. § 353.304(b) and 5 C.F.R. § 302.501. *See* ID at 3 (citing *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 15 (2008)).

¶8       In sum, the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction. Nothing in the petition for review shows error in the administrative judge's well-reasoned initial decision and there is no basis to disturb it. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.